

**LAW OFFICE OF Z. TAN PLLC**

MANHATTAN OFFICE:
110 E. 59TH STREET, SUITE 3200
NEW YORK, NEW YORK 10022
T: 212.593.6188  F: 888.306.8666

FLUSHING OFFICE:
39-07 PRINCE STREET, SUITE 3B
FLUSHING, NEW YORK 11354
T: 718.886.6676  F: 718.679.9122
group@ncny-law.com

July 29, 2019

*Via ECF Filing*

United States District Court for
Eastern District of New York
Honorable Nicholas G. Garaufis
225 Cadman Plaza East
Brooklyn, New York 11201
Phone: (718) 613-2540
Fax:     (718) 613-2546

    Re:   May Flower International, Inc. v. Apollo Food International Inc., et al
            USDC, Eastern District of New York, Case No.:  1:19-cv-02716-NGG-PK

Honorable Nicholas G. Garaufis,

       My name is Bingchen Li and our office represents the defendant Apollo Food International Inc. ("Defendant") in the above-referenced action.  Defendant wish to make a pre-answer motion seeking an order dismissing the plaintiff's lawsuit against it in its entirety, or alternatively, an order directing the plaintiff to provide a more definite statement of the facts underlying the generalized allegations.  This letter is respectfully submitted in compliance with your honor's Individual Motion Practices and Rules.

       In this action, plaintiff filed an attorney verified complaint seeking damages for federal trademark infringement (15 U.S.C. § 1114), New York common law trademark infringement, federal unfair competition (15 U.S.C. § 1125(a)), New York common law unfair competition, New York common law deceptive trade practices (NYGBL § 349) and violations under NYGBL § 360-l.  The trademark at issue is BING TUAN HONG and GANYUAN (the "Marks").  The owner of the Marks is non-party XIAOBO YAN (the "Trademark Owner"); not the plaintiff.  Rather, the plaintiff claims to have an exclusive licensee of the Marks in the United States including in the State of New York. However, plaintiff failed to attach to the complaint a valid power of attorney, a license agreement or an assignment agreement.  Rather, the plaintiff makes bald, legal conclusions as follows:

> *"15. May Flower is the exclusive licensee of the marks, and the owner of the Marks has granted May Flower the right to the exclusive use of the Marks.*
> *16. May Flower has the obligation to protect the registered Marks within tis authorized wholesale territory, namely, the United States including the State of New York."*

Now, Defendant Apollo Food International Inc. moves to dismiss the action. The first cause of action for federal trademark infringement should be dismissed as a matter of law because plaintiff is not the owner, registrant or "legal representative" as defined by the Second Circuit in *Federal Treasury Enterprise Sojuzplodoimport, et al v. SPI Spirits Limited, et al*, 726 F.3d 62 (2nd Cir. 2013). The causes of action for federal unfair competition (15 U.S.C. § 1125(a)) and New York common law unfair competition, together with New York common law trademark infringement, should be dismissed because the claims made "upon information and belief" fail to state any facts from which to infer that defendants Apollo Food International Inc. has used, or are using, the Marks in bad-faith or otherwise, or the plaintiff has suffered actual damage or is reasonably expected to suffer damages as a result of Defendant's alleged infringements. As to the cause of action of New York common law deceptive trade practices under NYGBL § 349, this Court should dismiss the claim because the plaintiff has failed to plead any specific and substantial injury to the public interest over and above ordinary trademark infringement or dilution (*RCA Trademark Mgmt. S.A.S. v. VOXX Int'l Corp.*, 2015 WL 5008762, at *4 (S.D.N.Y. Aug. 24, 2015)).Last of cause of action of New York common law dilution under NYGBL § 360-l should be dismissed because the plaintiff is not an owner of the Marks (*Empresa Cubana Del Tabaco v. Culbro Corp.*, 399 F.3d 462, 485-86 (2d Cir. 2005)). If the Court disagrees, then it is respectfully requested that this Court order plaintiff to provide a more definite statement of the facts underlying the generalized allegations.

Accordingly, Defendant respectfully requests this court schedule a pre-motion conference to discuss the motion and to establish a briefing schedule. In addition, Defendant's answer is due today. With all parties' consents (Wing Fung Hong Ltd. has not appeared in this action), we respectfully request an extension until Defendant' motion to dismiss is decided for Defendant's Answer and Affirmative Defense. Thank you in advance for your time and consideration and please do not hesitate to contact me if you have any questions.

Very truly yours,

/s/ Bingchen Li
Bingchen Li

CC:
Joe Zhenghong Zhou, Esq
The Law Offices of Joe Zhenghong Zhou & Associates PLLC
Queens Crossing Business Center
136-20 38th Avenue, Suite 10H
Flushing, New York 11354
*Attorneys for plaintiff*